[No. 17572.  Department Two.  May 15, 1923.]

LULU A. MARSH, *Respondent,* v. J. W. MARSH, *Appellant.*[1]

DIVORCE (80)—DECREE—DIVISION OF PROPERTY. An award to a wife of $1,000 from the husband's separate estate of $7,500, in lieu of alimony, cannot be held inequitable as against the husband.

Appeal from a judgment of the superior court for Skamania county, Kirby, J., entered June 22, 1922, upon findings in favor of the plaintiff, in an action for a divorce, tried to the court. Affirmed.

*Miller, Wilkinson & Miller,* for appellant.

*Crass & Hardin,* for respondent.

PARKER, J.—This is an appeal by the defendant, Marsh, from the decree of the superior court for Skamania court awarding to the plaintiff, Lulu A. Marsh, a decree of divorce, a money judgment in the sum of $1,000, in lieu of periodical alimony, and suit money in the sum of $200.

The defendant is about sixty years old, while the plaintiff is some twenty-five years younger. They were married and lived together about seventeen months immediately preceding the commencement of this action. At the time of their marriage, and up to the time of the trial, appellant owned property in his own separate right of the value of about $7,500. She

[1]Reported in 215 Pac. 324.

owned property of but little or no value in her separate right, other than personal effects. They possessed no community property. The divorce was granted on the ground of cruelty and personal indignities. They have no children.

The contentions made in behalf of appellant are that the evidence does not warrant the granting of the divorce; and that, in any event, the money judgment is inequitable as against him. As to the contention that the evidence does not support the decree of divorce, we think it sufficient to say that a careful review thereof thoroughly convinces us that we would not be warranted in disturbing the trial court's conclusion on that branch of the case. To review the evidence here for the purpose of demonstrating the correctness of the trial court's conclusion would be but to unnecessarily relate the distressing story of this short-lived matrimonial venture.

As to the contention that the awarding of the money judgment in lieu of periodical alimony is inequitable as against appellant, we think, in view of the value of the respective worldly possessions of the parties and the condition in which they are left by the granting of the divorce, that there is little room for arguing in support of this contention. Surely, the awarding to respondent of $1,000, as against the separate estate of appellant, which is approximately of the value of $7,500, in view of the fact that respondent has but little property of her own, cannot be held to be inequitable as against appellant. An award to respondent to this limited extent, under the circumstances here shown, would seem to give more cause for her to complain than for him to complain.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.